**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

**MARCELLO PRATTICO,**

    **Plaintiff,**                         **Case Number**   1:25-cv-8181

**v.**

**JUSTWORKS EMPLOYMENT GROUP**
**LLC, & ELOMI CORPORATION,**

    **Defendants.**
_____x

## COMPLAINT & JURY DEMAND

1. The Plaintiff, Marcello Prattico, sues Defendants, Justworks Employment Group LLC and Elomi Corporation, for age discrimination in violation of the Age Discrimination in Employment Act (ADEA).

2. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 626(c)(1).

3. Venue is appropriate in the Southern District of New York, because Plaintiff worked for Defendants in New York, and his W2 for this work listed an address in New York, New York.

4. Defendant Justworks Employment Group LLC employs more than twenty employees.

5. Defendant Justworks Employment Group LLC was Plaintiff's employer.

6. Defendant Elomi Corporation employs more than twenty employees.

7. Defendant Elomi Corporation was Plaintiff's employer.

8. Defendants are engaged in interstate commerce.

9. Defendants are subject to the ADEA.

10. Plaintiff filed charges of discrimination against each Defendant with the United States Equal Employment Opportunity Commission (EEOC) on June 18, 2025.

11. More than sixty (60) days have passed since the charges of discrimination were filed with the EEOC.

12. Defendants discharged Plaintiff on or about June 6, 2025.

13. Plaintiff worked for Defendants in New York.

14. Defendant discharged Plaintiff because of his age, and sought to replace him with a significantly younger employee.

15. Defendant has violated the ADEA.

16. Defendant discharged Plaintiff because of his age.

17. Plaintiff is over the age of fifty (50).

18. Plaintiff worked for Defendants from on or about March 2024 through June 6, 2025.

19. Defendants did not have a legitimate non-discriminatory reason to discharge Plaintiff.

20. Although Defendants utilize a progressive disciplinary policy, Plaintiff was discharged without warning.

21. Plaintiff was a Senior Software Engineer for Defendants.

22. Prior to May 2025, Defendants were happy with Plaintiff.

23. In fact, Mark Armendariz gave Plaintiff a raise this year and was very positive about Plaintiff.

24. Armendariz was Plaintiff's manager before Dan Fried took over shortly before Plaintiff's discharge.

25. Fried knew that Plaintiff was one of the oldest members of the team.

26. Fried treated Plaintiff differently than younger similarly situated employees.

27. Specifically, Fried interacted in a friendly and cordial manner with Plaintiff's younger colleagues while visibly ignoring Plaintiff.

28. Fried was the moving force behind Plaintiff's discharge.

29. Fried falsely represented he was being discharged for performance.

30. Plaintiff knew this was a false reason as Defendants, Armendariz and others were happy with Plaintiff's performance.

31. In fact, Defendants had given Plaintiff a raise of 4% to $182,000.00 and offered Plaintiff 55,000 shares to be purchased in Defendant Elomi Corporation.

32. From the time of the retroactive raise which was made in writing on February 12, 2025 to the time of termination, Plaintiff performed his job very well.

33. The only difference between being offered shares in the company and receiving a raise was the hiring of Fried, an ageist man, that intentionally discharged Plaintiff because of his age.

34. Armendariz never coached Plaintiff.

35. Plaintiff was always available for meetings and actively participated.

36. Plaintiff completed a major new project Dorisa Gatekeeper and was the moving force in getting the project done.

37. Armendariz never mentioned performance issues.

38. In fact, Armendariz told Plaintiff he was doing a great job.

39. Plaintiff built and launched the Gatekeeper app for iOS and Android early.

40. This was a new app which performed well for the Zenyara event.

41. Zurab Shubitizde, at all material times, was a Senior Software Engineer with Defendant Elmoi Corporation.

42. Shubitizde publicly acknowledged working with Plaintiff about Plaintiff's strong skills.

43. Plaintiff's Gatekeeper app was so successful that the engineering team used the tech approaches there to update the main Dorsia app.

44. Plaintiff created a new front end hiring code test.

45. Armendariz told Plaintiff that his 4% raise and stock options were because of his strong performance.

46. Neither the 4% raise nor the stock options could be considered a cost for living increase.

47. The Zenyara event is Defendant Elomi's largest event of the year where Defendant Elomi was tasked with handling the ticketing.

48. Ticketing was going to be done only through Defendant Elomi's app and Ticket scanning only through the Gatekeeper app.

49. Zenyara is the most-high profile and riskiest event.

50. The previous year ticketing was a failure with numerous bugs and issues. There was no Gatekeeper app last year.

51. Defendant Elomi's reputation was on the line for the event.

52. Defendant gave this critical piece of software to Plaintiff, because Plaintiff was the most qualified.

53. Plaintiff delivered the app for both iOS and Android well ahead of time despite constantly changing requirements.

54. The app performed flawlessly for the event and resulted in Defendant Elomi getting a huge boost in reputation with the event partners.

55. Partners from TAO and Framework said they would never go back to the old way of ticketing and use the Gatekeeper app in the future.

56. Lyndsay Nelson, President of Elomi Corporation, praised the project and Plaintiff's involvement in it.

57. Defendant Elomi Corporation offered Plaintiff a severance.

58. Plaintiff did not accept the severance, because it required that he release his ADEA claim.

59. Defendants were joint employers of Plaintiff.

60. Defendants are jointly and severally liable for the violations of the ADEA.

61. Defendants discharged Plaintiff because of his age.

62. But for Fried wanting a younger group of employees, Plaintiff would still have been working for Defendants.

Wherefore, Plaintiff demands judgment, back pay from on or about June 6, 2025 through the time of trial, liquidated damages, pre-judgment

interest, post-judgment interest, compelled employment or if that is not feasible than front pay, attorney's fees, costs and any other relief the Honorable Court deems appropriate and just.

Respectfully submitted this 2nd day of October 2025,

>/s/ *Bernard R. Mazaheri*
> Bernard R. Mazaheri
> Mazaheri & Mazaheri
> PO Box 656
> Frankfort, Kentucky 40602
> Tel – (859) 400-4500
> Email – Bernie@TheLaborFirm.com